Miscellaneous Docket No. 25-

IN THE

# United States Court of Appeals
# For the Federal Circuit

## IN RE VIRTAMOVE CORP.,

*Petitioner.*

On Petition for Writ of Mandamus from the United States
District Court for the Western District of Texas,
No. 7:24-cv-00030-ADA-DTG, before the
Hon. Judge Albright and Magistrate Judge Gilliland

## VirtaMove Corp's Petition for Writ of Mandamus

Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75225
(310) 826-7474

Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
*Counsel for Petitioner,*
*VirtaMove Corp.*

July 9, 2025

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 2025-

**Short Case Caption** In re: VirtaMove Corp.

**Filing Party/Entity** Petitioner, VirtaMove Corp.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 7/9/25

Signature: /s/ Qi (Peter) Tong

Name: Qi (Peter) Tong

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| VirtaMove Corp. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable          ☑  Additional pages attached

| | | |
|---|---|---|
| Kristopher Davis<br>Russ August & Kabat | Paul Kroeger<br>Russ August & Kabat | Jacob Buczko<br>Russ August & Kabat |
| Neil Rubin<br>Russ August & Kabat | Christian Conkle<br>Russ August & Kabat | Jefferson Cummings<br>Russ August & Kabat |
| Marc A. Fenster<br>Russ August & Kabat | Daniel B. Kolko<br>Russ August & Kabat | Jonathan Ma<br>Russ August & Kabat |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Nos. 2025-

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE VIRTAMOVE CORP.,**

*Petitioner.*

---

On Petition for Writ of Mandamus from the United States District Court for the Western District of Texas, No. 7:24-cv-0030-ADA-DTG, before the Hon. Judge Albright and Magistrate Judge Gilliand

---

**ADDITIONAL PAGE TO SECTIONS 4 AND 5**

Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expressway, Suite 1503
Dallas, TX 75225
(310) 826-7474

Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474

*Counsel for Petitioner,
VirtaMove Corp.*

July 9, 2025

**Additional Legal Representatives (Section 4)**

James A. Milkey, Russ August & Kabat

Mackenzie Paladino, Russ August & Kabat

James S. Tsuei, Russ August & Kabat

Joshua Scheufler, Russ August & Kabat


**Related Cases (Section 5)**

VirtaMove Corp. has recently filed a petition for writ of mandamus from the decision in *VirtaMove v. Google LLC*, No. 7:24-cv-00033-ADA-DTG (W.D. Tex.), and this pending *Google* petition will likely affect or be directly affected by this *Amazon* petition. *In re VirtaMove Corp.*, No. 25-130 (Fed. Cir. June 5, 2025).

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ..................................................................... i
TABLE OF AUTHORITIES ....................................................................... vi
INTRODUCTION ......................................................................................... 1
RELIEF SOUGHT ........................................................................................ 3
ISSUES PRESENTED .................................................................................. 4
JURISDICTION ............................................................................................ 4
LEGAL STANDARD: FIFTH CIRCUIT LAW CONTROLS ................................ 4
I.      The Fifth Circuit, Not the Federal Circuit, Controls Transfer Law ............... 4
II.     The Transfer Law Factors ................................................................. 5
III.    The Fifth Circuit and Federal Circuit Diverge on Transfer Law .................. 5

    A.    New Burden of Proof: movant must adduce evidence that clearly demonstrates which evidence and witnesses will "actually materialize" ............................................................................ 7
    B.    The Fifth Circuit's "Rigid" 100-Mile Rule Controls ............................ 8
    C.    Local Interest Is Neutral When Infringement Occurs Nationwide .... 10
    D.    Time-to-Trial ...................................................................... 13

IV.     Divided District Court Decisions ....................................................... 14
V.      Courts Cannot Transfer Dismissed Defendants ...................................... 15
BACKGROUND .......................................................................................... 16
VI.     Case History ................................................................................ 16
VII.    Facts: Locations of Witnesses and Infringement .................................. 18

    A.    VirtaMove's 10 Present and Former Employees Closer to Texas ..... 18
    B.    AWS's 9 Relevant Witnesses Closer to California ............................ 18
    C.    AWS's 11+ Witnesses Closer to Texas ......................................... 19
    D.    Third Party Witnesses ......................................................... 19
    E.    Conclusion: Witness Convenience ........................................... 20

VIII.   District Court Briefing ................................................................... 20

    A.    Undisputed: Fifth Circuit Law Controls ...................................... 20
    B.    Dispute On Burden of Proof and *Per Se Failure* ......................... 20
    C.    Willing Witnesses: Does the "Rigid" 100-Mile Rule Apply? .......... 21
    D.    Third-Party Witnesses: Burden of Proof and 100-Mile Rule............ 21
    E.    Local Interest ..................................................................... 22
    F.    Time-to-Trial ...................................................................... 22
    G.    Other Factors .................................................................... 23

IX.     The WDTX Decisions ..................................................................... 23
REASONS FOR GRANTING THE PETITION ................................................ 25

X.      The District Court Erred by Failing to Decide the Correct Law .................. 25

XI.     AWS's Transfer Motion Fails Under the Correct Law ............................... 26

        A.    AWS Failed to Meet the Updated Burden of Proof ........................... 26
        B.    Willing Witness Weigh Against Transfer (20 to 9) Using the Rigid
              100-mile Rule .................................................................... 27
        C.    Willing and Compulsory Witness Factors: No Proof of Who Will
              *Actually* Materialize ........................................................... 28
        D.    The Local Interest Factor should have been neutral .......................... 29
        E.    Time to Trial Should Have Weighed Against Transfer .................... 30
        F.    Amazon's Motion Should Have Been Denied ................................. 31

XII.    The District Court Erred by Transferring Dismissed Defendants ............... 31

XIII.   Formal Requirements for Writ ....................................................... 32

        A.    First Requirement: VirtaMove Has No Other Relief ........................ 32
        B.    Second Requirement: Error of Law ............................................ 32
        C.    Third Requirement: Writ is Appropriate ...................................... 33

              1.    The Court Should Clarify the Law ................................... 34
              2.    The Court Should Stop Transfer Abuse ............................. 35
              3.    Denying VirtaMove's Petition Will Cause Real Injustice ....... 36

        CONCLUSION ................................................................................. 36

# TABLE OF AUTHORITIES

## Cases

*Cerence Operating Co. v. Samsung Elecs. Co.*,
  No. 2:23-CV-0482-JRG-RSP, 2025 WL 755219 (E.D. Tex. Mar. 10, 2025) ...... 8

*Datanet LLC v. Dropbox Inc.*,
  No. 6:22-CV-01142-OLG-DTG, 2023 WL 7741313 (W.D. Tex. Nov. 14,
  2023) ..................................................................................................................... 34

*Def. Distributed v. Bruck*,
  30 F.4th 414 (5th Cir. 2022) .................................................................. 4, 6, 8, 12

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006) .................................. 35

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ...................................................................... 9, 11

*In re Apple Inc.*,
  No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) .............................. 9

*In re Chamber of Com. of United States of Am.*,
  105 F.4th 297 (5th Cir. 2024) ............................................................. 6, 8, 13, 33

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) ..................................................................... passim

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ........................................................... 25, 32, 33

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012) .......................................................................... 4

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) .......................................................................... 9

*In re Google LLC*,
  58 F.4th 1379 (Fed. Cir. 2023) ........................................................................ 13

*In re Hoffman-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ........................................................................ 10

*In re HTC Corp.*,
  889 F.3d 1349 (Fed. Cir. 2018) ........................................................................ 32

*In re Juniper*,
  14 F.4th 1313 (Fed. Cir. 2021) ........................................................................ 13

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) .......................................................... 10

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) .................................................. 6

*In re SAP America, Inc.*,
  133 F.4th 1370 (Fed. Cir. 2025) .............................................. 2, 7, 26

*In re TikTok*,
  85 F.4th 352 (5th Cir. 2023) ...................................................... passim

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014) ......................................................... 7, 9

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ....................................................... 10, 12

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ................................................ 5, 9, 13, 32

*Long v. Bd. of Pardons & Paroles of Texas*,
  725 F.2d 306 (5th Cir. 1984) ............................................................. 16

*Microchip Tech. Inc. v. U.S. Philips Corp.*,
  367 F.3d 1350 (Fed. Cir. 2004) ............................................................ 5

*Motion Offense, LLC v. Google LLC*,
  No. 6:21-CV-00514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4,
  2022) ......................................................................................... 2, 6, 8, 34

*Panduit Corp. v. All States Plastic Mfg. Co.*,
  744 F.2d 1564 (Fed. Cir. 1984) ............................................................ 5

*Perkins v. Johnson*,
  118 Fed. App'x 824 (5th Cir. 2004) .................................................. 16

*Qureshi v. United States*,
  600 F.3d 523 (5th Cir. 2010) .................................................. 3, 15, 31

*Schlagenhauf v. Holder*,
  379 U.S. 104 (1964) .......................................................................... 33

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) .............................................................................. 4

*Westlake Corp. v. Chemcorp 1 LLC*, No.
  CV H-24-99, 2024 WL 3029019 (S.D. Tex. June 17, 2024) .............. 12

*Winner Int'l Royalty Corp v. Wang*,
  202 F.3d 1340 (Fed. Cir. 2000) ............................................................ 4

**Statutes**

28 U.S.C. § 1295(a)(1) .......................................................................... 4

28 U.S.C. § 1404(a) ............................................................................... 4

28 U.S.C. § 1406(a) ............................................................................. 31

35 U.S.C. § 1404 .................................................................................... 5

35 U.S.C. § 271 .................................................................................... 11

**Other Authorities**

9 Wright & Miller,
  Federal Practice and Procedure, § 2363 (4d 3d. 2014) ................................ 16, 31

9 Wright & Miller,
  Federal Practice and Procedure, § 2367 (1971) ................................ 16

# **INTRODUCTION**

This case should not have been transferred because 20 named willing witnesses are closer to Texas, compared to 9 closer to California. The District Court erred by disregarding the convenience of witnesses closer to Texas, by transferring two defendants that it lacks jurisdiction over, and by ignoring the Fifth Circuit.

The division between the Fifth Circuit and the Federal Circuit on transfer law harmed VirtaMove Corp. ("VirtaMove"), a small company in east Canada whose patents have been infringed by the giants Google, Amazon Web Services, Inc. ("AWS"), IBM, and HPE. VirtaMove asks this Court to apply controlling Fifth Circuit law—a dispositive dispute of law that the District Court ignored. Unless the Federal Circuit intervenes, VirtaMove's case is likely to languish in the NDCA for 6–7 years without trial. *See* Appx2444–Appx2471 (exemplary NDCA docket). VirtaMove is clearly entitled to relief because AWS made ***no argument*** that it met the Fifth Circuit elevated burden of proof for transfer.

In recent years, transfer motions and mandamus petitions have flooded the courts, coinciding with the rise in popularity of the Western District of Texas as a venue for fast trials. Appx2408. During this time, courts, law reviews, law firms, and even the anti-patentee entity RPX all noticed that the Federal Circuit's application of transfer law diverged from Fifth Circuit law. *See, e.g., Motion*

1

*Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022) (explicitly providing different holdings under different formulations of transfer law); Appx2409–Appx2413; Appx2421–Appx2427; Appx2433–Appx2434. This divergence manifests here in three ways.

First, the Federal Circuit and Fifth Circuit use different burdens of proof. In 2024, the Fifth Circuit updated the burden of proof: "a movant must show . . . its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). Meanwhile, the Federal Circuit and district courts continue to apply the historical standard, where "[r]equiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer is unnecessary." *In re SAP America, Inc.*, 133 F.4th 1370, 1375 (Fed. Cir. Apr. 2025). This question is dispositive: AWS made no argument that AWS met the Fifth Circuit's updated burden of proof, instead arguing that it did not need to provide "evidence that will necessarily be presented 'at trial,'" and "*Clarke* imposed no such requirement." Appx2034.

Second, the Fifth Circuit and the Federal Circuit disagree about how rigidly the 100-mile rule for witnesses should be applied. Under Fifth Circuit law, the inventors and VirtaMove's past and present employees on the east coast must find

2

Texas more convenient according to distance traveled—and the inquiry ends there. *In re TikTok*, 85 F.4th 352, 361 (5th Cir. 2023) (finding error when a "conclusion ignores our 100-mile test").

Finally, the Fifth Circuit law regarding local interest differs from the Federal Circuit's latest approach. This factor should be neutral when infringement occurs nationwide.

Additionally, transfer of dismissed entities Amazon.com, Inc. and Amazon.com Services LLC was without jurisdiction. These entities were dismissed before the Court ordered their transfer. Appx2190; Appx2246–Appx2249; *Qureshi v. United States,* 600 F.3d 523, 525 (5th Cir. 2010).

This is a purely legal dispute that does not turn on any disputed fact. Had Judge Gilliland correctly applied Fifth Circuit transfer law, AWS's transfer motion should have been denied—just like Judge Gilstrap denied IBM's and HPE's similar motions to transfer.

## **RELIEF SOUGHT**

The Federal Circuit should direct the District Court for the Western District of Texas to reverse or vacate Gilliland's January 22, 2025 Order and Judge Albright's May 21, 2025 Order adopting the same.

## ISSUES PRESENTED

This case presents two legal questions. First, did the district court err in failing to resolve and apply the version of transfer law when granting AWS's motion to transfer? Second, do Courts have jurisdiction to transfer dismissed parties?

## JURISDICTION

The Federal Circuit has jurisdiction over appeals[1] of a final decision from a district court relating to patents under 28 U.S.C. § 1295(a)(1).

Mandamus is the prescribed vehicle for reviewing rulings on transfer cases pursuant to 28 U.S.C. § 1404(a). *Def. Distributed*, 30 F.4th at 423.

## LEGAL STANDARD: FIFTH CIRCUIT LAW CONTROLS

### I.    The Fifth Circuit, Not the Federal Circuit, Controls Transfer Law

Transfer law is a procedural matter, so Fifth Circuit law controls, and any conflicting interpretations by the Federal Circuit must yield to the Fifth Circuit. "[M]otions to transfer, as a procedural matter, [are] governed by the law of the regional circuit in which [the district court] sits." *Winner Int'l Royalty Corp v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)); *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012) ("transfer motions are governed by regional circuit law"). "Where the regional

---

[1] But not direct jurisdiction over dismissed entities.

4

circuit court has spoken on the subject, [the Federal Circuit] must apply the law as stated." *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75 (Fed. Cir. 1984); *Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1356 (Fed. Cir. 2004) ("We are obligated to follow regional circuit law. . . .").

## II.    The Transfer Law Factors

Under 35 U.S.C. § 1404, the Fifth Circuit evaluates a transfer motion using the public and private *Volkswagen* factors.

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

## III.    The Fifth Circuit and Federal Circuit Diverge on Transfer Law

From 2021 through the present, the Federal Circuit issued an unprecedented quantity of mandamus decisions on transfer, frequently reversing the WDTX, in part because the Federal Circuit applied its own transfer rules while the WDTX tried to follow Fifth Circuit law.

In 2022, the District Court captured the differences of law in *Motion Offense, LLC v. Google LLC*. 2022 WL 5027730, at *4–13. The District Court then stayed the case pending appeal, but the case settled without appeal. Since then, law firms, law reviews, and even RPX have all noticed how the Federal Circuit and Fifth Circuit diverged in applying transfer law. The Baylor Law Review described the Federal Circuit's different approach to the 100-mile rule. Appx2433–Appx2434 ("The Federal Circuit Fails to Consistently Apply Regional Circuit Law"). Womble Bond Dickinson wrote about how, "[b]y 2022, the discrepancies between the Fifth Circuit and Federal Circuit had become obvious." Appx2411–Appx2412. Even the anti-patentee entity RPX wrote that the "Federal Circuit Sidesteps Fifth Circuit Ruling on Convenience Transfers" instead of following the Fifth Circuit, noting that "the Fifth Circuit took positions on other factors that appeared to be less in line with current Federal Circuit thinking." Appx2421–Appx2427.

In 2023–2024, the Fifth Circuit issued five opinions that clarified or updated transfer law, resulting in a divide with the Federal Circuit: *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625 (5th Cir. 2022); *Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022); *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023); *In re Clarke*, 94 F.4th 502 (5th Cir. 2024); and *In re Chamber of Com. of United States of Am.*, 105 F.4th 297 (5th Cir. 2024).

6

### A. New Burden of Proof: movant must adduce evidence that clearly demonstrates which evidence and witnesses will "actually materialize"

The Federal Circuit has not yet adopted the higher burden of proof that the Fifth Circuit imposed in 2024.

Historically, Federal Circuit law only required movants to show that witnesses and evidence supporting transfer were *merely relevant*.  *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) (witnesses who "have knowledge potentially relevant to infringement and validity issues, even if it is not possible at present to specify further just how material their testimony might be to the yet-underdeveloped issues in this case," weighed in favor of transfer).  Last month, the Federal Circuit reiterated the low standard of mere "relevance." *In re SAP Am., Inc.*, 133 F.4th 1370, 1375 (Fed. Cir. 2025) ("Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary.")

The Fifth Circuit raised the burden of proof in 2024.  Transfer is appropriate *only if* the moving party "clearly establishes good cause" by the following:

> to establish "good cause," a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue.

*In re Clarke*, 94 F.4th at 508 (emphasis original). "It is the movant's burden—and the movant's alone—to 'adduce evidence and arguments.'" *Id*. at 508. The Fifth

Circuit reiterated that the movant's burden to adduce evidence that *significant* convenience gains will "*actually* materialize" exceeds a preponderance. *Id.* at 508 n.3 (citing *Def. Distributed*, 30 F.4th at 433). Now, "[t]he bar is much higher." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 304 (5th Cir. 2024).

Prior Federal Circuit opinions decided under the mere "relevance" standard have now lost their precedential value. *Cerence Operating Co. v. Samsung Elecs. Co.*, No. 2:23-CV-0482-JRG-RSP, 2025 WL 755219, at *n3 (E.D. Tex. Mar. 10, 2025) (noting that movant's caselaw "all predate *In re Clarke* and [movant] never addresses the issue of evidence actually materializing").

### B. The Fifth Circuit's "Rigid" 100-Mile Rule Controls

The Federal Circuit has repeatedly rejected a "rigid" application of the Fifth Circuit's 100-mile rule for evaluating the travel convenience of willing witnesses. Multiple sources documented this split of law. Appx2389–Appx2390; Appx2433; *Motion Offense*, 2022 WL 5027730 at *8–9 (finding different outcomes under Fifth Circuit and Federal Circuit formulations of the rule).

Under Fifth Circuit law, the entire formulation of the 100-mile rule is:

When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.

*In re Volkswagen*, 545 F.3d at 317 (citing Fifth Circuit authority and providing the underlying reasoning). The rule does not further inquire into airports, transportation method, flight connections, or the like (although some decisions add such discussion as supporting dicta).

The Federal Circuit repeatedly ruled that the 100-mile rule should not be "rigidly" applied, resulting in distant witnesses far from both venues being given neutral weight. *E.g., In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at *3 (Fed. Cir. Apr. 22, 2022) ("we have repeatedly rejected the view" of the Fifth Circuit); *In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020) ("this court—applying Fifth Circuit law—held that the 100-mile rule should not be rigidly applied where witnesses will be required to travel a significant distance no matter where they testify" (cleaned up)); *In re Toyota*, 747 F.3d at 1340 ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."); *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (giving European witnesses no weight).

The Fifth Circuit explicitly found error when a court "ignores our 100-mile test." *TikTok*, 85 F.4th at 361 (holding distant witnesses in China favored transfer, and otherwise is error). The Fifth Circuit approvingly cited the Federal Circuit *In re Nintendo* as an example of how to correctly apply the 100-mile rule. *TikTok*, 85

9

F.4th at 361 n.8 (approving of *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (rigidly applying 100-mile rule to hold that Japanese witnesses find Texas more inconvenient than Washington)).

So, under the correct formulation of Fifth Circuit law, the inconvenience to witnesses must be analyzed using the "rigid" 100-mile rule, and witnesses everywhere matter. The Fifth Circuit's 100-mile rule does not permit a court to discount or neutralize a witness far from both forums, as this would defeat the very purpose of the 100-mile rule, which increases the inconvenience of witnesses proportional to every additional mile beyond 100 miles. The distance of *every* witness to both forums must be calculated and compared under the rigid rule, without discounting or neutralizing them. Indeed, controlling law requires transfer be based on "the convenience of the parties and witnesses," meaning *all* witnesses—not only witnesses in the original and destination states. 28 U.S.C. § 1404(a).

### C. Local Interest Is Neutral When Infringement Occurs Nationwide

Historically, this factor was neutral when infringement occurs nationwide. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue"); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) ("allegedly infringing headrest assemblies were sold throughout the United States,

and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue").

But recently, the Federal Circuit changed its analysis to look at where accused products were "designed, developed, and tested."  *E.g., In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020).  This unfairly double-counts the engineering locations of a defendant under both the willing witness and local interest factors.

However, recent Fifth Circuit cases require restoring the rule that infringement nationwide results in local interest being neutral for three reasons.

First, *TikTok* ruled that this factor must "focus on the *events*—not the *parties*," and the local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." 94 F.4th 502 at 511.  Thus, the defendant party's ***own private*** design, development, and testing cannot affect this *public* transfer factor, which is limited to the interest of a *non-party*.

Second, *Clarke* reinforced the *TikTok* rule that to "identify localized interests properly, we look not to the parties' significant connections to each forum but rather the significant connections between a particular venue and ***the events that gave rise to a suit***." 94 F.4th at 502 (cleaned up, emphasis added).  Patent infringement only arises under 35 U.S.C. § 271 by making, using, or selling an invention.  The design, development and testing by an accused party in the case does not "give rise" to

11

infringement Section 271. Other proxies must "never subsume the ultimate inquiry" of where the suit arose. *Clarke*, 94 F.4th at 502.

Finally, the latest analogous caselaw requires finding that infringement is "completely diffuse" when infringement occurs nationwide. In *Clarke*, Texas had both traders and marketplace service providers who would have been affected by the Court's rulings—just as in D.D.C.—so the local interest was "completely diffuse." *Id.* at 512.  In *Def. Distributed*, the Fifth Circuit ruled that the controversy over a New Jersey statute was not localized to New Jersy because the outcome would "bar Defense Distributed from publishing its materials anywhere" and reducing Texans' access. 30 F.4th at 435; *see also Westlake Corp. v. Chemcorp 1 LLC*, No. CV H-24-99, 2024 WL 3029019, at *4 (S.D. Tex. June 17, 2024) (holding that "Texas's interest in adjudicating a trademark infringement case . . . is more significant than the Florida interest based on the defendants' residences" where its products were "conceived, designed, and developed"). So, when patent infringement occurs nationwide, the citizens of Texas are affected just as much as the citizens of all other states, and the interest is "completely diffuse."

The rule from *Hoffman* and *TS Tech* should return: infringement nationwide does not create a local interest regardless of where design and development occurred.

### D. Time-to-Trial

Historically, the "court congestion" *Volkswagen* factor has never excluded any class of plaintiff under Fifth Circuit law. *See In re Volkswagen*, 545 F.3d at 315. But in 2023, the Federal Circuit issued a precedential ruling:

> it was a clear abuse of discretion to accord this factor any weight, *see Juniper*, 14 F.4th at 1322 (discounting time-to-trial difference because there was no "need of a quick resolution" where patentee lacked "position in the market ... being threatened").

*In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). *In re Google* should be corrected because 1) the case that it relies on (*In re Juniper*, 14 F.4th 1313, 1322 (Fed. Cir. 2021)) merely supports *discounting* this factor, but not disregarding it entirely; and 2) the Fifth Circuit case *Chamber of Commerce* controls. 105 F.4th 297 at 309–10.

In *Chamber of Commerce*, the Fifth Circuit explicitly dealt with a fact pattern before and after "that rationale for speed is no longer present" and injunctive relief was no longer available. *Id.* at 310. The Fifth Circuit weighed the time to trial factor in favor of transfer, reversing-in-part the district court's decision to weigh this factor "more heavily" in favor of transfer because "[t]here is no special circumstance present here that would make a five-to-six-week difference weigh 'more heavily' in favor of transfer." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 310 (5th Cir. 2024). Thus, the rule from *In re Google*, that this factor cannot be

accorded any weight when there is no need for a quick resolution (under the absence of a special circumstance), is no longer good law.

The Fifth Circuit foreclosed reliance on statistics as evidence for this factor. *Clarke*, 94 F.4th at 510. Thus, the only permissible evidence comes from the Courts themselves. *See id.*

## IV.    Divided District Court Decisions

In the Eastern District of Texas, Judge Gilstrap denied IBM's and HPE's motions to transfer. IBM and HPE made substantially similar arguments to what AWS and Google did in the WDTX by arguing that IBM/HPE had engineers and evidence in the NDCA, and that third party prior artists and witnesses from Docker and Kubernetes could only be compelled in the NDCA. Appx2257–Appx2277; Appx2280–Appx2301.

Judge Gilstrap rigidly applied the 100-mile rule. Appx2266–Appx2271; Appx2290–Appx2293. HPE and IBM asked "this Court to disregard the inconvenience to these witnesses because they 'will have to travel a significant distance to either venue.' . . . The Court disagrees that such significant discounting is warranted. If the case remains in this District, many witnesses only 'would have to travel approximately half the distance to attend trial.'" Appx2270; Appx2293.

14

Thus, Judge Gillstrap weighed the willing witness factor solidly against transfer. Appx2271; Appx2294.

On the compulsory process factor, Judge Gilstrap used the correct burden of proof. For example, regarding Docker and prior art witnesses, Judge Gilstrap writes that "the Court is not convinced . . . that all of these witnesses have relevant, non-redundant testimony that will actually materialize at trial." Appx2261–Appx2263; Appx2286–Appx2289. Judge Gilstrap further discounted the third-party prior art witnesses because they were statistically unlikely to be selected at trial, so HPE/IBM "has not met its burden of showing that these prior art inventors are, in fact, likely to testify." Appx2263–Appx2265, Appx2288–Appx2290.[2]

Judge Gilstrap showed how, when the correct transfer law is applied to substantially similar arguments and facts, the result is denial of transfer. Appx2257–Appx2277; Appx2280–Appx2301. At minimum, Judge Gillstrap's opinion and Judge Gilliland's opinion reveal a split in the application of transfer law.

## V.    Courts Cannot Transfer Dismissed Defendants

"[I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself." *Qureshi v. United States*, 600

---

[2] Judge Gilstrap harmlessly erred in favor of the movant by giving the movant's witnesses "appropriately lessened" weight. Appx2265.  Under Clarke's "*actually* materialize" standard, unlikely witnesses ***do not*** provide ***any*** good cause.

F.3d 523, 525 (5th Cir. 2010). A dismissal is "effective immediately upon filing." 9 Charles Alan Wright & Arthur Miller, Federal Practice & Procedure, § 2363 (4d 3d. 2014) (provided as Appx2316–Appx2317). Outside of the Court's inherent supervisory powers such as for sanctions against abuse of the judicial process, "[a]fter a dismissal the action is no longer pending in the court and no further proceedings in the action are proper." *Long v. Bd. of Pardons & Paroles of Texas*, 725 F.2d 306, 307 (5th Cir. 1984) (citing 9 Wright & Miller, Federal Practice and Procedure, § 2367 at p. 186 (1971)); *Perkins v. Johnson,* 118 Fed. App'x 824, 825 (5th Cir. 2004) (same). A dismissed defendant cannot be transferred—there is literally no case against them to transfer.

## BACKGROUND

## VI.    Case History

VirtaMove's groundbreaking patents relate to a specific type of secure application containerization technology. VirtaMove filed cases against Google, AWS, IBM, HPE, Oracle, and Microsoft in the eastern and western districts of Texas because VirtaMove and its expected witnesses are closer to Texas than California and because the Texas courts are known for reliably reaching trial in about two years. The undersigned counsel's last case settled in the NDCA was *Corephotonics, Ltd. v. Apple Inc.*, No. 3:17-cv-06457, which languished ***for over six years*** without trial.

16

Appx2445–Appx2471. Thus, Google, AWS, IBM, and HPE all filed motions to transfer to the notoriously slow NDCA.

In the *Google* case, Judge Gilliland granted Google's motion to transfer, and VirtaMove filed a co-pending mandamus petition.

This *Amazon* case ran alongside the *Google* case in the Western District of Texas. Initially, VirtaMove sued Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. ("AWS"), but Amazon.com, Inc. and Amazon.com Services LLC were dismissed with prejudice at 4:13 PM on January 22, 2025. Appx2190-Appx2192; Appx2246. Judge Gilliland granted the motion to transfer all three Amazon defendants at 4:31 pm that day, but stayed the case to allow VirtaMove time to appeal. Appx2249; Appx6. VirtaMove timely filed objections and notices of supplemental authority, to which Amazon responded. Appx2193-Appx2658. Judge Albright summarily adopted Judge Gilliland's order. Appx8–Appx9.

The *HPE* and *IBM* cases were filed in the Eastern District of Texas. Judge Gilstrap denied HPE's and IBM's motions to transfer. Appx2257–Appx2277; Appx2280–Appx2301.

In each of the cases, Google, AWS, HPE, and IBM made substantially similar arguments: that some of their witnesses are in or closer to the NDCA, and many

third-parties (including Docker and prior art witnesses) can be subpoenaed there. *See* Appx1087–Appx1113; Appx2257–Appx2277; Appx2280–Appx2301.

**VII.  Facts: Locations of Witnesses and Infringement**

During briefing, VirtaMove and AWS identified the following witnesses.

**A. VirtaMove's 10 Present and Former Employees Closer to Texas**

VirtaMove is based in Ontario, Canada, on the east coast, which is 759 miles closer to Texas than to the NDCA. Appx1868–Appx1870. VirtaMove's five employees (Stokes, Burgins, Sousa, Cameron, Antonie) work there and are likely witnesses. Appx1783–Appx1784. All three inventors (Rochette, O'Leary, and Huffman) are closer to Texas than to California, but Rochette is not a willing witness. Appx1783. O'Leary and Huffman are willing witnesses in Ontario, Canada. Appx1849–Appx1855; Appx1858-Appx1863. Former high-level VirtaMove employees Woodward, O'Connor, and Colford[3] are willing witnesses from Ontario, Canada or Massachusetts, which are closer to Texas. Appx1865–Appx1871; Appx1873–Appx1878; Appx1752–1758.

**B. AWS's 9 Relevant Witnesses Closer to California**

AWS named 7 employee witnesses (Mummidi, Banerjee, Srinivasa, Pittle, Nayak, Rajagopal, and Lanner) in California or Seattle. Appx1097–Appx1098.

---

[3] Post-complaint developments made Colford unavailable.

18

Amazon also identified potentially willing third-party prior artists Subhraveti and Gingell in California. Appx1103-Appx1104. VirtaMove does not dispute that these witnesses are potentially relevant, but AWS did not try to prove which of them will *actually* materialize. *See* Section VIII(A), *infra*; Appx1692–1693

### C. AWS's 11+ Witnesses Closer to Texas

AWS argued it had 2 relevant employees (Molina, Grosse) in Wisconsin, which is closer to Texas than to California. Appx1098. Discovery revealed that AWS's motion omitted 9 similar witnesses closer to Texas, including three witnesses (Estes, Suleiman, Wang) located in Virgina or Wisconsin, four witnesses (Habusha, Armoza, Ashkenazi, Admon) in Israel, and two witnesses (Kumbam, Cherukuri) in Austin. Appx1656–Appx1657; Appx1797; Appx1809; Appx1813; Appx1818–1821 (Israel 209 miles closer to Texas); Appx1843–1846 (Wisconsin 677 miles closer to Texas). Discovery also revealed "high fifties" relevant AWS engineers on the East Coast, closer to Texas. Appx1657; Appx1687; Appx1692; Appx1829.

### D. Third Party Witnesses

VirtaMove identified Roth and Benedito, former VirtaMove employees, who reside in Texas. Appx1659–Appx1660.

AWS identified two categories of third-party witnesses in California: 1) Docker witnesses including Hykes, McGowan, and Tiigi, and 2) seven prior art

witnesses. Appx1096-Appx1097; Appx1104-Appx1107; Appx4 ("Defendants identified ten non-party witnesses in NDCA…").

### E. Conclusion: Witness Convenience

20 willing witnesses of VirtaMove and AWS are closer to Texas, while 9 willing witnesses are closer to California.

VirtaMove identified 2 third-party witnesses in Texas. AWS identified 10 third-party witnesses in California.

## VIII. District Court Briefing

During briefing, VirtaMove and AWS made the following arguments.

### A. Undisputed: Fifth Circuit Law Controls

VirtaMove argued that Fifth Circuit law controlled on issues of procedure, including transfer law. Appx1652. AWS did not dispute this. Appx2032–Appx2038.

### B. Dispute On Burden of Proof and *Per Se Failure*

VirtaMove argued that the Fifth Circuit raised the burden of proof to require that AWS provide evidence that clearly demonstrates that a significant gain in convenience "will *actually* materialize in the transferee venue" (not necessarily at trial). Appx1651–Appx1654; Appx1658–Appx1664; Appx2306. VirtaMove argued

that AWS's opening brief failed to even mention this standard, so Amazon failed to meet it *per se*. Appx1651–Appx1653.

AWS responded by arguing that "*Clarke* could not have overruled prior circuit precedent." Appx2034. AWS also attacked a straw man, arguing that Amazon did not need to prove what "will necessarily be presented '<u>at trial</u>.'" Appx2034 (<u>emphasis added</u>).  VirtaMove argued that AWS needed to clearly demonstrate that its witnesses will actually materialize "in the transferee venue," and trials were but one example. Appx1651, Appx1653.

### C. Willing Witnesses: Does the "Rigid" 100-Mile Rule Apply?

VirtaMove argued that under the "rigid" 100-mile rule, more willing witnesses found Texas more convenient, including 9 present and former VirtaMove witnesses and 11 AWS witnesses. *See* § VII(A), (C), *supra*. These 20 willing witnesses in the eastern United States and eastern Canada would outweigh the convenience of AWS's 9 willing witnesses in California and Washington.  *See* Section VII(B), *supra*; Appx1655–1659. Appx1102-Appx1104.

### D. Third-Party Witnesses: Burden of Proof and 100-Mile Rule

For willing witnesses, the parties again argued whether AWS met the burden of proving that the third-party witnesses will *actually* materialize and whether their

21

convenience should be calculated using the "rigid" 100-mile rule.   Appx1652–
Appx1654; Appx1659–Appx1662.

### E. Local Interest

It is undisputed that the allegedly infringing AWS products are sold
nationwide.  Appx1664–Appx1165; Appx1801–Appx1802.  Docker in California
designed and developed a subset of code modules used in the accused AWS
products.  There are no allegations that Docker subcomponents individually infringe
any asserted patent; only AWS products are alleged to infringe.   Appx1047–
Appx1058; Appx1075–Appx1086.

### F. Time-to-Trial

Judge Gilliland found the time-to-trial factor neutral because Courts may no
longer use statistics. Appx4–Appx5.  During briefing, VirtaMove's co-pending case
against Google was prematurely transferred to the NDCA in a docketing error,
transferred back to the WDTX, and then transferred to the NDCA again, and is now
pending Federal Circuit review.   Appx2520-Appx2525; Appx2532–Appx2654.
VirtaMove sought reconsideration by Judge Albright because the NDCA itself
indicated that it was so congested that it could not even provide a hearing date to be
noticed for a motion and vacated its scheduled hearings.  Appx2521; Appx2652–
Appx2654.

### G. Other Factors

Judge Gilliland found that the other transfer factors were neutral. Appx4-Appx5. VirtaMove does not dispute the other neutral findings.

### IX.     The WDTX Decisions

Judge Gilliland granted Defendants' Transfer Motion. Appx1-Appx7. Section II of Judge Gilliland's Order recites the legal standard he applied, but it says nothing about the burden of proof, rigid 100-mile rule, or how to analyze the local interest.  Appx2–Appx3. Judge Gilliland made no explicit ruling on the dispositive legal arguments raised by VirtaMove. *Id.*

Judge Gilliland must have implicitly used the pre-*Clarke* standard of mere relevance for witnesses identified by AWS.  Otherwise, the transfer motion would have been denied for a *per se* failure to meet the burden of proof, as AWS did not even argue that it clearly demonstrated that any of the witnesses that allegedly favor transfer will actually materialize.

Judge Gilliand found that VirtaMove identified 4 Canadian witnesses, one Massachusetts witness, two Dallas-based witnesses, "potential witnesses in Ontario, Canada, a few AWS employees who reside outside the NDCA, and two potential witnesses in WDTX."  *Id.* at 4. On AWS's side, Judge Gilliland found that "Defendant has identified multiple relevant employees in NDCA and Seattle."  *Id.*

23

at 3. Judge Gilliland then held that, "[w]hile it may be true that Plaintiff's identified witnesses are geographically closer to WDTX than NDCA, Plaintiff's identified witnesses will have to travel well over 100 miles to either district." *Id*. Thus, ***none of VirtaMove's or AWS's witnesses in the eastern United States and eastern Canada were given proper consideration under the rigid 100-mile rule***.

Thus, Judge Gilliland must have adopted AWS's legal arguments regarding the non-rigid application of the 100-mile rule. Otherwise, Judge Gilliland would not have written "[w]hile it may be true that Plaintiff's identified witnesses are geographically closer to WDTX than NDCA, Plaintiffs identified witnesses will have to travel well over 100 miles to either district." Appx4. The only purpose of writing this was to categorically discount or neutralize the convenience of the 20+ witnesses identified by VirtaMove.

Judge Gilliand also ordered transfer of Defendants Amazon.com, Inc. and Amazon.com Services LLC without any discussion of whether the Court still had jurisdiction of them after their dismissal. Appx3-Appx4.

Judge Albright found no error with Judge Gilliland's order, simply stating that the court "finds that no part of Magistrate Judge Gililand's Order is clearly erroneous or contrary to law." Appx8. Judge Albright's one-liner did not even acknowledge

what the objections were and did not explain how it was possible for Judge Gilliland to have not erred in transferring dismissed parties.

## REASONS FOR GRANTING THE PETITION

The Federal Circuit should grant the petition because of many errors with the transfer analysis.   First, the District Court legally erred by failing to rule on dispositive questions of law and/or by applying the wrong law.   Second, under the correct law, AWS's transfer motion should have been denied on the merits because significantly more witnesses will find trial in Texas more convenient (20 to 9). Third, the time to trial should have weighed against transfer. Last, the District Court committed legal error by considering and transferring dismissed parties.

## X.     The District Court Erred by Failing to Decide the Correct Law

Judge Gilliland erred by failing to acknowledge the updated burden of proof required by *In re Clarke* when this question was front, center, and dispositive. Appx1652–Appx1664; Appx1–Appx7.   Judge Albright erred by neither reversing nor vacating Judge Gilliland's decision. Appx8–Appx9. He didn't even acknowledge the what the issues were.

The District Court's silence regarding the correct burden of proof and application of the rigid 100-mile rule (or the implicit use of divergent Federal Circuit law) warrants reversal. *In re Cray Inc.*, 871 F.3d 1355, 1358 (Fed. Cir. 2017) ("[a]

trial court abuse[s] its discretion by applying incorrect law"); *Clarke*, 94 F.4d at 508–16 (finding reversable errors in misapplication of law).

## XI.    AWS's Transfer Motion Fails Under the Correct Law

### A. AWS Failed to Meet the Updated Burden of Proof

The District Court should have denied AWS's Motion to Transfer because AWS failed to clearly demonstrate that the convenience of its identified witnesses will *actually* materialize, as required by *Clarke*.  *See* § III(A), *supra*.  AWS simply failed to meet the correct legal standard and instead argued that the bar was not changed at all, arguing "*Clarke* could not have overruled prior circuit precedent." Appx2034.  Nothing in the record "clearly demonstrates" which of AWS's witnesses will *actually* materialize.   AWS conceded the inquiry was "premature" and "Amazon's witness list will depend on discovery that Amazon has not yet obtained." Appx1798.

Because Fifth Circuit law controls (*see* Section I, *supra*) and because *Clarke* raised the burden of proof (*see* Section III(A), *supra*), the Federal Circuit's "relevance" standard from *SAP* must yield to the Fifth Circuit's "*actually materialize*" standard. 133 F.4th at 1375; *Clarke*, 94 F.4d at 508.  VirtaMove was entitled to a denial of the transfer motion under the correct law.

**B. Willing Witness Weigh Against Transfer (20 to 9) Using the Rigid 100-mile Rule**

VirtaMove named 20 relevant, willing witnesses who are closer to Texas. *See* Section VII(A), (C), *supra*. AWS named 9 closer to California. *See* Section VII(B), *supra*.

When the rigid 100-mile rule is not ignored, as *TikTok* instructs, the willing witnesses count is 20 closer to Texas against 9 witnesses closer to California, and all 20 of VirtaMove's identified witnesses are farther from California and would find the NDCA less convenient than the WDTX. Under the Federal Circuit's non-rigid 100-mile rule, all 20 of VirtaMove's witnesses may be deemed neutral because, as Judge Gilliland held, "Plaintiff's potential witnesses will have to travel well over 100 miles to either district," so they are neutral, and the result is 0 witnesses favoring WDTX to 9 witnesses favoring NDCA. Appx4.

On this issue of procedural law, the Federal Circuit must follow the rigid 100-mile rule as instructed by the Fifth Circuit. *TikTok*, 85 F.4th at 361 (it is error to "ignore[] our 100-mile test"); *see* Sections I, III(B), *supra*. Each of the 20 witnesses identified by VirtaMove must travel farther to California than to Texas, and would thus find Texas more convenient. Judge Gilliland erred by misapplying the 100-mile rule by discounting or neutralizing their relevance: "While it may be true that Plaintiff's identified witnesses are geographically closer to WDTX than NDCA,

27

Plaintiffs identified witnesses will have to travel well over 100 miles to either district." Appx4. This factor should have weighed against transfer—like how Judge Gilstrap ruled when faced with similar arguments. Appx2270; Appx2293.

### C. Willing and Compulsory Witness Factors: No Proof of Who Will *Actually* Materialize

Because AWS did not meet *Clarke's* burden of clearly demonstrating which of the witnesses identified by AWS will *actually* materialize, none of them should have counted at all. The count should have been 20 willing witnesses against transfer to 0 willing witnesses in favor of transfer, and 2 third-party witnesses in Texas against 0 third-party witnesses in California. *See* § XI(A), *supra*.

AWS's identification of 9 third-party witnesses is especially egregious. AWS inflated its count using 6 prior art witnesses despite cold, hard statistics showing that AWS is unlikely to even elect their prior art, which constitutes only 27% or 14% of the prior art references against the two asserted patents. Appx1660–Appx1661. AWS has not even proven *by a preponderance* that any prior art inventor will materialize. *See* § III(A), *supra* (explaining how the burden of proof is higher than a preponderance). Notably, Judge Gilstrap explicitly ruled on a similar fact pattern that HPE/IBM "has not met its burden of showing that these prior art inventors are, in fact, likely to testify." Appx2263–Appx2265; Appx2288–Appx2289.

28

AWS has not clearly demonstrated why it will call Docker witnesses Hykes, Tiigi, or McGowan. Even assuming that Hykes, Tiigi, and McGowan will materialize,[4] this factor should have been largely neutral because Roth and Benedito are in Dallas. *See* § VII(D), *supra*. Under the correct burden of proof, only Roth and Benedito should have been given weight, and this factor should have weighed 2-0 against transfer.

## D. The Local Interest Factor should have been neutral

As explained in Sections III(C) and VIII(E) above, this factor should have been neutral because infringement occurs nationwide, and here, potential infringement by third parties is the *only* relevant event that gave rise to a suit, and when it occurs nationwide, it is "completely diffuse." *Clarke*, 94 F.4th at 502, 512. Docker is in California, but its independent activity does not give rise to infringement—it has no greater risk of infringement (and thus, no greater interest) than any AWS customer in Texas. AWS's own interest in this case cannot be double-counted because this *public* interest factor looks only to the interest of third-parties. *Clarke*, 94 F.4th at 511. Thus, AWS's **own** design and development in the NDCA legally cannot affect this *public* transfer factor both because AWS is not a

[4] VirtaMove's co-pending cases against IBM and HPE passed fact discovery cutoff, and nobody deposed Hykes, Tiigi, or McGowan despite IBM and HPE identifying them in transfer motions. Appx2262; Appx2287; *see* Appx1660 (exposing how Amazon has no clue about why might *actually* materialize). Roth was deposed.

third-party and because the activities of design and development do not "give rise" to infringement.

### E.    Time to Trial Should Have Weighed Against Transfer

Upon reconsideration and in view of new evidence, Judge Albright should have weighed this factor against transfer. Now, the Court has evidence from the NDCA itself about its own congestion—the only form of admissible evidence. Appx2653–Appx2654. The NDCA itself has indicated it is so congested that it (1) cannot even provide a hearing date to be noticed on a motion; (2) is reassigning over 150 cases; and (3) vacated all hearings set prior to May 27, 2025. *Id.* The *only* admissible evidence remains unrebutted, so this factor can *only* weigh against transfer.

This factor always matters under Fifth Circuit law, even if a company is a literally practicing competitor. VirtaMove is a software company that admittedly does not make, sell, or compete on the hardware "processor" part of claim 1 of its Patent 7,784,058. Appx1072. But the software technology has been foundational to VirtaMove—the provisional patent application was filed in 2003 during the founding stages of VirtaMove's predecessor Trigence Corp. Appx1060.

### F.     Amazon's Motion Should Have Been Denied

The District Court should have denied AWS's motion for failing to meet the correct burden of proof. Even if the District Court considered the factors, it should have weighed the willing witness heavily against transfer, the compulsory process (third-party witness) factor against transfer, the time-to-trial factor against transfer, and found all other factors neutral. This does not meet the "good cause" standard under *Clarke* because a *significant* gain in convenience will not *actually* materialize if this case is transferred to the NDCA. 94 F.4th at 508.

### XII.   The District Court Erred by Transferring Dismissed Defendants

Judge Gilliland erred by transferring Amazon.com, Inc. and Amazon.com Services LLC under 28 U.S.C. § 1406(a) only *after* these entities were dismissed from the case. Appx2190–Appx2192; Appx2222. A joint stipulation of their dismissal was effective "the moment it is filed," and the court immediately lost jurisdiction over them. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("in the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself."); Appx2316–Appx2317. Judge Albright erred by not addressing it because he cannot transfer entities that he lacks jurisdiction over.

### XIII. Formal Requirements for Writ

"A writ of mandamus may issue where: (1) the petitioner has 'no other adequate means to attain the relief he desires'; (2) the petitioner shows 'his right to mandamus is clear and indisputable;' and (3) the issuing court is 'satisfied that the writ is appropriate under the circumstances.'" *In re Cray Inc.*, 871 F.3d 1355, 1358 (Fed. Cir. 2017). Each of the mandamus requirements are satisfied.

### A. First Requirement: VirtaMove Has No Other Relief

For the first factor (that there be no other adequate means for relief), courts have held that issues of venue and §1404(a) specifically satisfy the first requirement. *See, e.g., In re HTC Corp.,* 889 F.3d 1349, 1353 (Fed. Cir. 2018) (citing *In re Volkswagen* that "the purpose of §1404(a) is to avoid burdening parties and witnesses with unnecessary inconvenience and expense, so by the time a case is tried and appealed, for example, witnesses would have suffered the inconvenience of travelling to a distant forum."); *Clarke*, 94 F.4th at 516 ("The first requirement is met because there is no other avenue for petitioners to seek recourse for the erroneous transfer decision").

### B. Second Requirement: Error of Law

For the second requirement, VirtaMove has explained above how the District Court made an error of law (or ignored a dispositive dispute of law). *Clarke*, 94

32

F.4th at 516 ("the second requirement for mandamus is also satisfied . . . [when] the district court's transfer decision was patent error.") The authority to issue a writ extends to issues of "basic and undecided legal question[s] when the trial court abused its discretion by applying incorrect law." *In re Cray Inc.*, 871 F.3d at 1358 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) and vacating district court decision for using the wrong law).

This is a simple case where the burden of proof recently changed, but AWS's attorneys did not recognize it and failed to even argue that it met the right burden of proof. AWS simply failed to meet the correct legal standard and instead argued that "*Clarke* could not have overruled prior circuit precedent" while admitting it was too early to know who will materialize. Appx2034; Appx1798; Appx1692–1693. But the Fifth Circuit stated that now, "[t]he bar is much higher." *Chamber of Com.*, 105 F.4th at 304; *see* Section III(A), *supra*.

Because AWS did not even argue that it met the correct burden of proof, the District Court should be reversed.

### C. Third Requirement: Writ is Appropriate

Writ is appropriate for additional reasons that extend beyond just this case. *Clarke*, 94 F.4th at 516 ("Writs of mandamus are supervisory in nature and are

33

particularly appropriate when the issues also have an importance beyond the immediate case.")

### 1. The Court Should Clarify the Law

The Federal Circuit should clarify two major questions on transfer law: 1) did *Clarke* raise the burden of proof; and 2) does the Fifth Circuit's "rigid" 100-mile rule apply without further analysis?

There is a pent-up demand for clarity. *Motion Offense*, 2022 WL 5027730, at *4–13 (Judge Albright reaching different holdings under Fifth Circuit and Federal Circuit law); *see also Datanet LLC v. Dropbox Inc.*, No. 6:22-CV-01142-OLG-DTG, 2023 WL 7741313, at *8 (W.D. Tex. Nov. 14, 2023) (Judge Gilliland noting split of law in time-to-trial factor); Section IV, *supra* (Judge Gilstrap ruling differently from Judge Gilliland); Appx2486; Appx 2433 ("The Federal Circuit Fails to Consistently Apply Regional Circuit Law"); Appx2411–Appx2413 ("By 2022, the discrepancies between the Fifth Circuit and Federal Circuit had become obvious."); Appx2421–2427 ("Federal Circuit Sidesteps Fifth Circuit Ruling on Convenience Transfers").

The Supreme Court has repeatedly warned the Federal Circuit not to impose its own patent-specific rules that deviate from the general body of law.  *See, e.g., eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164

L. Ed. 2d 641 (2006) ("familiar principles apply with equal force to disputes arising under the Patent Act. As this Court has long recognized, 'a major departure from the long tradition of equity practice should not be lightly implied.'")

The Federal Circuit should realign itself with the Fifth Circuit.

## 2.    The Court Should Stop Transfer Abuse

Patent infringers use the Federal Circuit's mere "relevance" standard as a license to dump speculative witnesses into transfer motions.  Russ August & Kabat previously noted how the unique procedural timing of *Resonant Systems, Inc. v. Sony Group Corp.*, which approached trial, revealed the extent of such abuse: 90.9% of witnesses identified in Sony's transfer motion were unlikely to materialize (9.1% accuracy).  Appx1942–Appx1944.[5]

These statistics are appalling. No Court should make decisions based on such unreliable evidence. The Federal Circuit should stop this abuse by enforcing the "*actually* materialize" burden of proof.[6]

---

[5] Google has a similarly poor accuracy rate. *See In re VirtaMove Corp.*, No. 25-130, Dkt. 2 at 33.

[6] This will shut down speculative transfer motions.  Any concerns with judge selection are a thing of the past.  Chief Judge Moses reassigned patent cases filed in Waco, and Judge Albright has only a tiny fraction of patent cases.  Appx2664; *see* RPX, Q1 in Review April 2025, https://www.rpxcorp.com/wp-content/uploads/sites/6/2025/04/RPX-Q1-in-Review-April-2025.pdf at 5 (July 7, 2025) (providing statistics).

### 3.    Denying VirtaMove's Petition Will Cause Real Injustice

VirtaMove, a company based in eastern Canada, chose to file in Texas because it is closer, faster, and less expensive.  Appx1779–Appx1780. VirtaMove is a tiny entity with five employees, and every day, technology giants like Google, AWS, IBM, and HPE continue to bully VirtaMove out of its own patented market.

The NDCA is unfairly prejudicially slow—and justice delayed is justice denied.  VirtaMove's statistics showed that the NDCA is about 16 months slower, but these statistics do not reveal the whole story. Appx1665; Appx2005; Appx2009. The last case that Russ August & Kabat settled in the NDCA was *Corephotonics, Ltd. v. Apple Inc.*, a case that languished for over six years without trial.  Appx2445–Appx2471.

AWS is trying to transfer because the NDCA is notoriously slow and expensive.  This is the fundamental opposite of convenience—and it will delay VirtaMove's ability to enforce its patents on technology that third-party analyst Gartner once categorized as being in a class of its own.

## CONCLUSION

Legally, AWS's motion to transfer used the outdated, lower burden of proof and the wrong formulation of the law.

Factually, VirtaMove has proven that it, its past and present employees, the inventors, and many relevant AWS employees are closer to Texas—and any transfer convenience gained by AWS will be offset by inconvenience caused to VirtaMove.

This Court should direct the District Court to reverse Judge Gilliland's Transfer Order and Judge Albright's Order adopting the same.

July 9, 2025

*/s/ Qi (Peter) Tong*
Qi (Peter) Tong
ptong@raklaw.com
Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310) 826-7474

*Counsel for Petitioner,*
*VirtaMove Corp.*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Federal Circuit Rule 28.1(b). This brief contains 7,689 words excluding the parts of the brief exempted under Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b), complying with the 7,800-word limit of Federal Rule of Appellate Procedure 21(d)(1).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

July 9, 2025

*/s/ Qi (Peter) Tong*
Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75225
(310) 826-7474

Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

(310) 826-7474

*Counsel for Petitioner,*
*VirtaMove Corp.*

## CERTIFICATE OF SERVICE

I, Qi Tong, hereby certify that on July 9, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system.

A copy of the foregoing was served upon the following counsel of record and the district court via FedEx:

Jeremy A. Anapol
Jeremy.anapol@knobbe.com
Joseph R. Re
joe.re@knobbe.com
Knobbe Martens Olson & Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404

(206) 405-2000

Colin B. Heideman
Email: 2cbh@knobbe.com
Knobbe, Martens, Olson & Bear, LLP
925 Fourth Ave., Suite 2500
Seattle, WA 98104
(206) 405-2000

Christie R.W. Matthaei
Email: 2crw@knobbe.com
Logan P. Young
Logan.young@knobbe.com
Knobbe, Martens, Olson & Bear, LLP
555 110th Avenue NE, Ste 500
Bellevue, WA 98004

Andrew Harper Estes
Email: hestes@lcalawfirm.com
Lynch, Chappell & Alsup, PC
300 N. Marienfeld, #700
Midland, TX 79701
(432) 683-3351

Hon. Alan Albright
800 Franklin Avenue,
Waco, TX 76701
(254) 750-1514

Hon. Derek Gilliland
800 Franklin Avenue,
Waco, TX 76701
(254) 750-1514

1

July 9, 2025                    /s/ Qi Tong
                               Qi (Peter) Tong
                               ptong@raklaw.com
                               RUSS AUGUST & KABAT
                               8080 N. Central Expressway, Suite 1503
                               Dallas, TX 75225
                               (310) 826-7474

## **CONFIDENTIAL MATERIAL OMITTED**

Certain exhibits are omitted solely because VirtaMove Corp. has a duty of confidentiality to Defendants and Third Parties under the District Court's protective order.  The opening brief does not include any redacted words.