Miscellaneous Docket No. 25-138

IN THE

# United States Court of Appeals
# For the Federal Circuit

## IN RE VIRTAMOVE CORP.,

*Petitioner.*

On Petition for Writ of Mandamus from the United States
District Court for the Western District of Texas,
No. 7:24-cv-00030-ADA-DTG, before the
Hon. Judge Albright and Magistrate Judge Gilliland

## VirtaMove Corp's Combined Motion for
## Panel Rehearing and Rehearing En Banc

Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75225
(310) 826-7474

Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
*Counsel for Petitioner,*
*VirtaMove Corp.*

September 25, 2025

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-138

**Short Case Caption** In re: VirtaMove Corp.

**Filing Party/Entity** Petitioner, VirtaMove Corp.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 9/25/25

Signature: /s/ Qi (Peter) Tong

Name: Qi (Peter) Tong

**FORM 9. Certificate of Interest**

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| VirtaMove Corp. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable        ☑   Additional pages attached

| | | |
|---|---|---|
| Kristopher Davis<br>Russ August & Kabat | Paul Kroeger<br>Russ August & Kabat | Jacob Buczko<br>Russ August & Kabat |
| Neil Rubin<br>Russ August & Kabat | Christian Conkle<br>Russ August & Kabat | Jefferson Cummings<br>Russ August & Kabat |
| Marc A. Fenster<br>Russ August & Kabat | Daniel B. Kolko<br>Russ August & Kabat | Jonathan Ma<br>Russ August & Kabat |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)     ☐   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable        ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Nos. 2025-138

# United States Court of Appeals for the Federal Circuit

---

**IN RE VIRTAMOVE CORP.,**

*Petitioner.*

---

On Petition for Writ of Mandamus from the United States District Court for the Western District of Texas, No. 7:24-cv-0030-ADA-DTG, before the Hon. Judge Albright and Magistrate Judge Gilliand

---

**ADDITIONAL PAGE TO SECTIONS 4 AND 5**

September 25, 2025

Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expressway, Suite 1503
Dallas, TX 75225
(310) 826-7474

Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474

*Counsel for Petitioner,*
*VirtaMove Corp.*

**Additional Legal Representatives (Section 4)**

James A. Milkey, Russ August & Kabat

Mackenzie Paladino, Russ August & Kabat

James S. Tsuei, Russ August & Kabat

Joshua Scheufler, Russ August & Kabat

**Related Cases (Section 5)**

*In re VirtaMove*, No. 25-130 (Fed. Cir.) ("*Google* case") affects or will be directly affected by this case.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF CONTENTS ......................................................................... vi

TABLE OF AUTHORITIES ..................................................................... vii

FEDERAL CIRCUIT RULE 40(C) STATEMENT .............................................. viii

INTRODUCTION ................................................................................ 1

BRIEF SUMMARY OF PROCEEDINGS ....................................................... 2

ARGUMENT ..................................................................................... 3

    A.    The Federal Circuit Fails to Apply the Burden of Proof ..................... 3

        1.    Google Failed to Meet the Burden of Proof ............................. 3

        2.    The Google Decision Erred by Putting the Burden on
VirtaMove ...................................................................... 7

    B.    Clarity is Needed for the Court Congestion Factor ......................... 9

    C.    Local Interest Analysis Should Exclude the Parties ........................ 11

CONCLUSION ................................................................................. 11

# TABLE OF AUTHORITIES

Cases

*Datanet LLC v. Dropbox Inc.*,
  No. 6:22-CV-01142-OLG-DTG, 2023 WL 7741313 (W.D. Tex. Nov. 14,
  2023) ............................................................................................................... 12

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ........................................................................ 3

*In re Apple Inc.*,
  No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ............................ 3

*In re Chamber of Com. of United States of Am.*,
  105 F.4th 297 (5th Cir. 2024) .................................................................. viii, 10

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) ................................................................... passim

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ........................................................................ 9

*In re Google*,
  No. 2025-130, Dkt. 17 (Fed. Cir. Sept. 11, 2025) ............................. 1, 9, 10, 13

*In re SAP America, Inc.*,
  113 F.4th 1370 (Fed. Cir. 2025) ............................................................. 4, 5, 13

*In re TikTok, Inc.*,
  85 F.4th 352 (5th Cir. 2023) ................................................................... passim

*Motion Offense, LLC v. Google LLC*,
  No. 6:21-CV-00514-ADA, 2022 WL 5027730(W.D. Tex. Oct. 4, 2022)...... 1, 12

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988)........................................................................... viii, 2, 10, 11

*VirtaMove, Corp. v. Google LLC*,
  No. 24-CV-00033-DC, 2025 WL 2634158 (W.D. Tex. May 7, 2025) .............. 12

*Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ....................................................................... 6, 13

*Winner Int'l Royalty Corp v. Wang*,
  202 F.3d 1340 (Fed. Cir. 2000) ................................................................. viii, 2

# FEDERAL CIRCUIT RULE 40(C) STATEMENT

Based on my professional judgment, I believe that the Panel Decision is contrary to the following decisions of the Supreme Court of the United States, the Federal Circuit, and the Fifth Circuit (which controls on issues of transfer): *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988); *Winner Int'l Royalty Corp v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000); *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023); *In re Clarke*, 94 F.4th 502 (5th Cir. 2024); and *In re Chamber of Com. of United States of Am.*, 105 F.4th 297 (5th Cir. 2024).

Dated: September 25, 2025        /s/ *Qi (Peter) Tong*
                                 Qi (Peter) Tong

# **INTRODUCTION**

The Panel Decision[1] still deviates from the Fifth Circuit law on multiple aspects of transfer law. For the "clearly materialize" burden of proof, the Google Decision is inconsistent with the Fifth Circuit and failed to properly impose the burden on Google, leaving open the ability to transfer cases based on hypothetical convenience that is unlikely to materialize. For the local interest factor, the Google Decision erred by ignoring the Fifth Circuit's rule that this *public* interest factor cannot be based on the *private* activities of the parties.

These issues have exceptional importance in view of the volume of transfer motions, recent binding authority from the Fifth Circuit, and widespread commentary about the divergence of the Federal Circuit and the Fifth Circuit on issues of transfer law. *See, e.g., Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022) (explicitly providing different holdings under different recitations of transfer law); Appx2410–2413; Appx2421–2427; Appx2429–2434. The Federal Circuit must follow the Fifth Circuit on issues of procedure. *Winner Int'l Royalty Corp v. Wang*, 202 F.3d 1340,

---

[1] "Panel Decision" refers to Docket 14 from this matter. "Google Decision" refers to the panel decision of *In re Google*, No. 2025-130, Dkt. 17 (Fed. Cir. Sept. 11, 2025). Both are included in the Addendum. Because the Panel Decision refers to the Google Decision, this motion is substantially identical across the two matters. VirtaMove is not seeking en banc review of the Amazon-specific issue of dismissed entities.

1352 (Fed. Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)).

## BRIEF SUMMARY OF PROCEEDINGS

VirtaMove filed its case in the Western District of Texas (WDTX).  Amazon moved to transfer to the Northern District of California (NDCA), identifying numerous relevant witnesses on the west coast and arguing local interest based on design and development of accused technology there.  VirtaMove opposed based on witnesses closer to the east coast who would need to travel farther to the NDCA, combined with legal arguments that Amazon failed to meet the recently updated burden of proof from *Clarke* to clearly demonstrate that significant gains in convenience will *actually* materialize, that the WDTX is faster, and that considering Amazon's design and development as local interest was improper.

Judge Gilliland granted Amazon's motion using the non-rigid version of the 100-mile rule to avoid giving VirtaMove's east coast witnesses any weight, crediting Google's design and development as local interest, and implicitly using the pre-*Clarke* burden of proof without any citation to *TikTok* or *Clarke* in his discussion of the disputed law.  Appx4–5.

VirtaMove filed a petition for writ of mandamus, arguing that the Federal Circuit had diverged from the Fifth Circuit on transfer law, especially as to the

2

burden of proof, the rigid 100-mile rule, the local interest factor, and the time-to-trial factor.  Dkt. 2.

The Google Decision agreed with only parts of VirtaMove's legal arguments. First, the Google Decision acknowledged that the Fifth Circuit finds fault when the 100-mile rule is not applied to distant witnesses. Google Decision at 2–3.[2]  Second, the Google Decision acknowledged that *Clarke* required a movant to show that "overall marginal gains in convenience will be 'significant' and 'clearly demonstrate' they will '*actually* materialize' in the transferee venue. Google Decision at 3–4.  Otherwise, the Google Decision rejected VirtaMove's arguments.

## **ARGUMENT**

### **A. The Federal Circuit Fails to Apply the Burden of Proof**

#### **1.    Google Failed to Meet the Burden of Proof**

The Panel Opinion interprets *Clarke* as ruling that "a movant must show the overall gains in convenience will be '*significant*' and 'clearly demonstrate[]' they will *actually* materialize in the transferee venue," and that this should not be

---

[2] The Federal Circuit should explicitly overrule *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at *3 (Fed. Cir. Apr. 22, 2022) ("we have repeatedly rejected the view" of the Fifth Circuit) and *In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020) ("this court—applying Fifth Circuit law—held that the 100-mile rule should not be rigidly applied where witnesses will be required to travel a significant distance no matter where they testify") (cleaned up).  *TikTok*, 85 F.4th at 361 (it is error to "ignore[] our 100-mile test" for any reason).

confused with the burden of demonstrating that any individual factor favors transfer. Panel Opinion at 4.[3]  But even with the Panel's clarification, Amazon could not have met this burden when Amazon's proposed witnesses are unlikely to be called.

Regardless of whether this burden of proof applies overall, to a particular factor, or to a particular witness, Amazon failed to meet it.  Amazon successfully persuaded the district court to consider witnesses based on their mere relevance, without offering further evidence (much less clearly demonstrating) that they would actually materialize.  There remains no theory in the case of how a significant gain in convenience overall will materialize if Amazon's proposed witnesses are never needed at a hearing or trial.  This is not a case where the remaining factors are so overwhelming such that a significant gain in marginal convenience will materialize even if Amazon's proposed witnesses never go to the courthouse.  Moreover, Amazon never argued that it met the burden of proof as articulated by the Federal

---

[3] VirtaMove's position remains that *Clarke*'s burden of proof is an evidentiary burden applicable to each proposed witness that requires more than mere relevance witnesses and more than a preponderance.  *Compare Clarke*, 94 F.4th at 508–509 n.3 ("It is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice. . . . Accordingly, to establish 'good cause,' a movant must show . . . that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue."), *with In re SAP America, Inc.*, 113 F.4th 1370, 1375 (Fed. Cir. 2025) ("Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary").

4

Circuit, instead arguing that "*Clarke* imposed no such requirement," and "*Clarke* could not have overruled prior circuit precedent." Appx2034. Because Amazon refused to even acknowledge the right burden, Amazon's motion failed as a matter of law.

VirtaMove offered unrebutted, hard statistics proving that Amazon has failed to even meet a preponderance, much less clearly demonstrate, that either its willing or unwilling witnesses are unlikely to *actually* materialize. For example, there is only a 27% or 14% chance that Amazon will even elect the relevant prior art for each asserted patent, much less call a prior art witness. Petition at 28. This is less than a preponderance and far short of "clearly demonstrating" that convenience gains will "*actually* materialize." Appx2263–2265, Appx2288–2289.

The Federal Circuit has historically found this burden met by merely identifying relevant witnesses. *In re SAP America, Inc.*, 113 F.4th 1370, 1375 (Fed. Cir. 2025) ("Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary"). However, the statistics show that the proposed gains in convenience are not *actually* materializing. Google only correctly named 3 of 22 witnesses (13.7%) in its *Touchstream* transfer motion, with 0% accuracy on third-party prior art witnesses, and Google correctly identified only one

of the 14 witnesses called at trial (7% accuracy) in its *Flypsi* transfer motion. *In re VirtaMove Corp.*, No. 25-130, Dkt. 2 at 33.  In *Resonant Systems, Inc. v. Sony Group Corp.*, Sony's merely relevant witnesses played out with 9.1% accuracy. Appx1942–1944.

To be clear, VirtaMove is not arguing that Amazon needed to provide its final witness list.  *See* Google Decision at 4 (citing *Volkswagen of Am., Inc.*, 545 F.3d 304, 317 n.12 (5th Cir. 2008) (en banc)). The fundamental difference between *Volkswagen* and this case is that no matter which of Volkswagen's proposed witnesses were going to show up, they would definitely come from Dallas, so a witness list was unnecessary. *Volkswagen* at 316.  If Amazon similarly had *only* 9 witnesses closer to the NDCA, then this would have sufficed to meet the burden, but the existence of 11 other relevant Amazon witnesses closer to Texas means that, without more, it remains unclear whose convenience is going to materialize. Petition at 18–19. As another example, prior art witnesses *might* be given consideration if their relevant prior art made up a significant percentage of prior art references (instead of 27% and 14%).

Thus, regardless of whether this burden of proof is an evidentiary burden of proof, considered for a specific factor, or considered at the level of "overall marginal gains" of all transfer factors, it has not been met by Amazon, and VirtaMove's

petition should have been granted.  It remains undisputed that Judge Gilliland did not perform **any** sort of "*actually* materialize" analysis—whether overall, for a specific factor, or for a specific witness.  It was Amazon's burden to accomplish at the District Court, and Amazon convinced the District Court not to make such a finding at all.  Thus, reversal is warranted.

### 2.    The Google Decision Erred by Putting the Burden on VirtaMove

The Fifth Circuit puts the burden of proof *exclusively* on the movant.  "It is the movant's burden—and the movant's alone—'to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice.'" *Clarke*, 94 F.4th at 508.

The Google Decision errs by imposing a burden of proof on VirtaMove. Google Decision at 3[4] ("VirtaMove has not shown a clear and indisputable right to use the 100-mile rule in a way that would force such an inconvenient result").  Like a defendant wrongfully accused of a crime, VirtaMove had no burden of proving anything.  It was Amazon who needed to argue and prove convenience under the

---

[4] *TikTok* does not support transfer.  *Cf.* Google Decision at 3 n.1. In *TikTok*, the presence of one witness in Texas did not outweigh the bulk of the witnesses in the NDCA and in China, which was closer to the NDCA—but the witnesses in China *were* given weight. 85 F.4th at 361–62. Here, the bulk of the witnesses (24 of them) who deserve weight are closer to Texas compared to 13 in California, weighing against transfer overall.

rigid version of the 100-mile rule. Amazon failed to do so, having originally argued to ignore the rigid 100-mile rule based on other considerations like travel time, flight availability, or being away from home regardless of the forum. Appx1103–04; Appx2034–35.

In view of Amazon's failure to meet its burden of proof, VirtaMove's petition for writ of mandamus should have been granted. The analysis of the district court was simply that "[w]hile it may be true that Plaintiff's identified witnesses are geographically closer to either district, Plaintiff's identified witnesses will have to travel well over 100 miles to either district." Appx4. It is undisputed that this was not a rigid application of the 100-mile rule. This did not give the correct weight to VirtaMove's and Amazon's many witnesses on the east coast; in Ontario, Canada; Massachusetts; Virginia, Wisconsin, Israel, and elsewhere on the east coast. Petition at 18–19. The convenience of these 22 witnesses was not properly considered against Amazon's 9 witnesses closer to California, and this was not harmless error.

The Google Decision erred by putting the burden on VirtaMove. VirtaMove did not need to prove up inconvenience; it was Amazon who needed to obtain a correctly reasoned ruling of convenience. *Compare Clarke*, 94 F.4th at 508 ("It is the movant's burden—and the movant's alone"), *with* Google Decision at 3

("VirtaMove has not shown a clear and indisputable right to use the 100-mile rule in a way that would force such an inconvenient result").

An error of law like the rigid application of the 100-mile rule dispositively satisfies the requirement for a writ of mandamus. *In re Cray Inc.*, 871 F.3d 1355, 1358 (Fed. Cir. 2017) ("[a] trial court abuse[s] its discretion by applying incorrect law"). The standard for mandamus—that the petitioner shows "his right to mandamus is clear and indisputable"—was satisfied when VirtaMove proved that the District Court failed to rigidly apply the 100-mile rule as a matter of law on an issue that Google had the burden of proof on. *Id.* The standard on mandamus was for VirtaMove to show it was entitled to a correct application of law. This standard for mandamus does not require VirtaMove to prove that transfer would have been inconvenient—that burden of proof remains with the movant.[5]

## B. Clarity is Needed for the Court Congestion Factor

The Google Decision has left the court congestion rule from *In re Google* in an ambiguous state. Google Decision at 4–5; 58 F.4th at 1383. Clarity is needed because *In re Google* is designated as a precedential case.

---

[5] Even so, VirtaMove proved that when the correct law was applied under substantially similar arguments and facts, the result is denial of transfer. Appx2263–2265, Appx2288–2289.

VirtaMove argued in its Petition that "the rule from *In re Google*, that this factor cannot be accorded any weight when there is no need of a quick resolution (under the absence of a special circumstance), is no longer good law."  Petition at 13–14.  This is because the Fifth Circuit found this factor to favor transfer (albeit not "heavily") even in the absence of special circumstances and the need for a speedy determination.  *Chamber of Com.*, 105 F.4th at 309–310.

The Google Decision notes that "in *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023), we held that court congestion was not entitled to **significant** weight because the plaintiff was 'not engaged in product competition . . .'" Google Decision at 5 (emphasis added).[6]  *In re Google* actually ruled, "[t]his factor, then, is neutral," giving it no weight at all.  58 F.4th at 1383.  The Court should grant en banc review to decide whether this "neutral" requirement from *In re Google* has been overruled, and whether weight may be given in such circumstances (even if not heavy/significant weight).  Because the Federal Circuit must follow the Fifth Circuit on issues of procedure, the correct decision is to overrule this part of *In re Google*.  *Winner Int'l*, 202 F.3d at 1352 (citing *Stewart*, 487 U.S. 22, 32).

---

[6] VirtaMove's understanding is that the Google Decision is overruling or correcting *In re Google*, but the effect is too small to change the outcome.

### C. Local Interest Analysis Should Exclude the Parties

By continuing to analyze the "design, development, and testing" of the accused products by Google in the analysis of this factor, the Federal Circuit has diverged from the Fifth Circuit.  Google Decision at 4; *In re Apple Inc.*, 979 F.3d at 1345.  The Federal Circuit must follow the Fifth Circuit on issues of procedure. *Winner Int'l*, 202 F.3d at 1352 (citing *Stewart*, 487 U.S. 22, 32).

The Fifth Circuit clarified that this is supposed to be a *public* interest factor; it is not supposed to double-count the private parties' connections under a public interest factor.  *Clarke* is clear: "We do not consider the parties' connections to the venue because the local interest analysis is a public interest factor. Accordingly, the local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." 98 F.4th at 511.  This factor cannot look to Amazon's own connection by way of its own design, development, and testing.

## CONCLUSION

The Federal Circuit should consider VirtaMove's arguments en banc and grant VirtaMove's petition for writ of mandamus.  There are important legal questions about the conflict of law between the Fifth Circuit and the Federal Circuit. The Google Decision did not explain how Google (or Amazon) met the burden of proof even as articulated by the Federal Circuit, improperly imposed a burden of

proof on VirtaMove, conflicts with the Fifth Circuit on the analysis of the local interest factor, and leaves the court congestion factor in an ambiguous state.

These conflicts are documented in cases by Judge Albright, Judge Gilliland, Judge Gilstrap, Judge Counts, law reviews, law firms, and patent-focused organizations. *Motion Offense*, 2022 WL 5027730, at *4–13 (Judge Albright reaching different holdings under Fifth Circuit and Federal Circuit law); *Datanet LLC v. Dropbox Inc.*, No. 6:22-CV-01142-OLG-DTG, 2023 WL 7741313, at *8 (W.D. Tex. Nov. 14, 2023) (Judge Gilliland noting split of law in time-to-trial factor); *VirtaMove, Corp. v. Google LLC*, No. 24-CV-00033-DC, 2025 WL 2634158, at *2 (W.D. Tex. May 7, 2025) (Judge Counts noting clarity is "a worthy goal to the patent bar"); Appx2257–2277 and Appx2280–2301 (Judge Gilstrap ruling differently from Judge Gilliland); Appx2429–2434 (Baylor Law Review publishing, "The Federal Circuit Fails to Consistently Apply Regional Circuit Law"); Appx2411–2412 (law firm article explaining how, "[b]y 2022, the discrepancies between the Fifth Circuit and Federal Circuit had become obvious."); Appx2421–2427 ("Federal Circuit Sidesteps Fifth Circuit Ruling on Convenience Transfers").

Without en banc review, the law is left with these conflicts:

| **Fifth Circuit** | **Federal Circuit** |
|---|---|
| "a movant must show . . . that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Clarke*, 94 F.4th at 508. | "Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary." *In re SAP America, Inc.*, 113 F.4th at 1375. |
| "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen*, 545 F.3d at 307.  It is error to "ignore[] our 100-mile test" for any reason. *TikTok*, 85 F.4th at 361. | "the 100-mile rule should not be rigidly applied." *In re Apple Inc.*, 979 F.3d at 1341. |
| It is not an abuse of discretion to find this factor in favor of transfer, even without special circumstances like the need for an injunction or prompt | Absent competition, "[t]his factor, then, is neutral." *In re Google*, 58 F.4th at 1383; *but see* Google Decision at 3 ("we held that court congestion was not |

| | |
|---|---|
| resolution. *Chamber of Commerce*, 105 F.4th at 309–310. | entitled to **significant** weight") (emphasis added). |
| "We do not consider the parties' connections to the venue because the local interest analysis is a public interest factor. Accordingly, the local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." *Clarke*, 98 F.4th at 511. | The "design, development, and testing" by a party gives rise to local interest. Google Decision at 4; *In re Apple Inc.*, 979 F.3d at 1345. |

July 21, 2025

*/s/ Qi (Peter) Tong*
Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75225
(310) 826-7474

Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474

14

*Counsel for Petitioner,*
*VirtaMove Corp.*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Circuit Rule 28.1(b). This brief contains 3,123 words excluding the parts of the brief exempted under Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2), complying with the 3,900-word limit of Federal Rule of Appellate Procedure 40(d)(3).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

September 25, 2025

*/s/ Qi Tong*
Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expressway, Suite 1503
Dallas, TX 75225
(310) 826-7474

## <u>CERTIFICATE OF SERVICE</u>

I, Qi Tong, hereby certify that on September 25, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system, which will electronically serve a copy on all counsel of record.

Paper copies will also be mailed to:

Hon. Alan Albright
800 Franklin Avenue,
Waco, TX 76701
(254) 750-1514

Hon. Derek Gilliland
800 Franklin Avenue,
Waco, TX 76701
(254) 750-1514

Additionally, 13 paper copies will be timely sent to the Court under Federal Circuit Rule 25(c)(3)(C).

September 25, 2025                    */s/ Qi Tong*
                                      Qi (Peter) Tong
                                      ptong@raklaw.com
                                      RUSS AUGUST & KABAT
                                      8080 N. Central Expressway, Suite 1503
                                      Dallas, TX 75225
                                      (310) 826-7474

## <u>NO CONFIDENTIAL MATERIAL</u>

There is no confidential information redacted in this brief.

## **ADDENDUM**

The following Panel Decisions are included in this addendum:

*In re VirtaMove Corp.*, No. 2025-130 (Fed. Cir. Sept. 11, 2025) (herein "Google Decision").

*In re VirtaMove Corp.*, No. 2025-138 (Fed. Cir. Sept. 11, 2025) (herein "Panel Decision").

# ADDENDUM

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**In Re VIRTAMOVE, CORP.,**
*Petitioner*

———————————

2025-130

———————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 7:24-cv-00033-DC-DTG, Judge David Counts.

———————————

**ON PETITION**

———————————

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

VirtaMove, Corp. brought this patent infringement suit against Google LLC in the Midland/Odessa Division of the United States District Court for the Western District of Texas (WDTX), but the court transferred it to the United States District Court for the Northern District of California (NDCA) under 28 U.S.C. § 1404(a), emphasizing NDCA's local interest in resolving the dispute and comparative convenience for potential witnesses. VirtaMove now seeks a writ of mandamus to vacate that transfer order.

We have authority to grant a writ of mandamus as "necessary or appropriate in aid of" our jurisdiction, 28 U.S.C. § 1651(a), but the petitioner bears a heavy burden. It must show: (1) "no other adequate means to attain the relief [it] desires," (2) a "clear and indisputable" right to relief, and (3) that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). In reviewing § 1404(a) transfer decisions, we apply regional circuit law and grant relief only where there is a "clear" abuse of discretion that produced a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). We conclude this standard is not met.

The district court concluded that the willing witnesses factor here weighed in favor of NDCA based on Google having "clearly demonstrated that [several of] its relevant employees are concentrated in NDCA and Seattle, with most working in or near San Francisco," Appx3, compared to one potential witness in WDTX located more than 300 miles from the relevant courthouse. Appx1140, Appx1358. VirtaMove challenges that determination based on potential witnesses VirtaMove identified in the eastern United States and eastern Canada that the court noted are "geographically closer to WDTX than NDCA" but would still "have to travel well over 100 miles to either district." Appx3. VirtaMove contends the district court misapplied the 100-mile rule by finding this factor weighed in favor of transfer despite those potential witnesses. We disagree.

The Fifth Circuit has recognized that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue . . . is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317 (citation omitted). And it has relied on that "rule" to assess convenience for potential witnesses, even if they reside a significant distance away from both forums.

*See In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) (faulting the district court for not considering the 100-mile rule for potential witnesses located in China). But it has never suggested, let alone held, that a district court must ignore common-sense and require all witnesses travel a significant distance when transfer would allow a significant number of witnesses to testify near home.

VirtaMove has not shown a clear and indisputable right to use the 100-mile rule in a way that would force such an inconvenient result. In fact, this court has repeatedly rejected such an approach. *See In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020) (rejecting the district court giving more weight to two potential witnesses who would need to travel a significant distance to either forum at the expense of several witnesses in transferee forum); *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (noting that witnesses traveling from Europe, Iowa, and the East Coast would be only "slightly more inconvenienced by having to travel to California" than to Texas). VirtaMove cites no Fifth Circuit case to the contrary.[1]

VirtaMove also contends that under *In re Clarke*, 94 F.4th 502 (5th Cir. 2024), Google had to show at the early stages of litigation that it would "actually" call these individuals at trial, not just that these potential witnesses have

---

[1]     VirtaMove cites *TikTok*, but, if anything, that case supports transfer here. In that case, the Fifth Circuit compelled transfer from WDTX to NDCA where the bulk of witnesses were in China, explaining that "[t]he presence of one Texas witness cannot overcome the immense inconvenience that the majority of witnesses would face if this case were to be tried in Texas." 85 F.4th at 361–62. Given Google here identified a significant number of potential witnesses residing in the transferee forum, the case for transfer is even stronger than it was in *TikTok*.

relevant and material information.  But it misreads *Clarke*, where the Fifth Circuit merely noted that, for purposes of showing good cause for transfer, a movant must show the overall marginal gains in convenience will be "*significant*" and "clearly demonstrate[]" they will "*actually* materialize in the transferee venue." *Id.* at 508.  VirtaMove's take on *Clarke* not only "confuses [the] burden of demonstrating that the transferee venue is clearly more convenient with the showing needed for a conclusion that a particular . . . factor favors transfer," *Apple*, 979 F.3d at 1340, but also ignores that the Fifth Circuit, sitting en banc, rejected the argument that a party must identify what witnesses they would actually be calling at trial and the specific testimony they would provide, *Volkswagen*, 545 F.3d at 317 n.12.

VirtaMove's challenge to the district court's assessment of the local interest factor is similarly unconvincing.  VirtaMove does not dispute that, between the two forums, only NDCA has any meaningful connection to the design, development, and testing of the accused products.  It, nevertheless, contends the factor is neutral because Google offers its accused products nationwide.  But this argument misses the point.  Google's design and development of the accused products in NDCA specifically ties that venue to "the events that gave rise to [the] suit," *see Def. Distrib. v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) (citation omitted), giving the citizens of NDCA "a greater stake in the litigation," *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022) (cleaned up).  That Google offers the accused products nationwide does not give WDTX any comparable local interest.  *See Volkswagen,* 545 F.3d at 318; *see also In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue[.]").

Finally, VirtaMove criticizes this court for allegedly deviating from how the Fifth Circuit has treated the court congestion factor.  In particular, VirtaMove notes that in

*In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023), we held that court congestion was not entitled to significant weight there because the plaintiff was "not engaged in product competition in the marketplace and [wa]s not threatened in the market in a way that, in other patent cases, might add urgency to case resolution and give some significance to the time-to-trial difference." VirtaMove argues that such differences "always matter[]" under Fifth Circuit law. Pet. at 13; But it fails to cite any contrary caselaw and, more importantly, fails to explain how a different approach would lead to a different result than the one reached by the trial court on this factor. *See In re Chamber of Com. of the U.S.*, 105 F.4th 297, 310 (5th Cir. 2024) ("Parties' assertions that their case needs to be decided quickly should not affect the weight of this factor" absent "special circumstance[s.]"); *cf. Clarke*, 94 F.4th at 515 (declining to give dispositive weight to this factor).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

September 11, 2025
Date

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**In Re VIRTAMOVE, CORP.,**
*Petitioner*

———————————

2025-138

———————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 7:24-cv-00030-ADA-DTG, Judge Alan D. Albright.

———————————

## ON PETITION

———————————

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

VirtaMove, Corp. brought this patent infringement suit against Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (Amazon) in the Midland/Odessa Division of the United States District Court for the Western District of Texas (WDTX), but the court transferred it to the United States District Court for the Northern District of California (NDCA), invoking its authority under 28 U.S.C. §§ 1404 and 1406.  VirtaMove now seeks a writ of mandamus to vacate that transfer order.

A writ of mandamus is an extraordinary remedy, and a party seeking such a writ bears the heavy burden of demonstrating: (1) it has no adequate alternative means for relief, (2) it has a clear and indisputable right to the requested relief, and (3) mandamus is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). We disturb a district court's ruling only where there is a "clear" abuse of discretion that produced a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). VirtaMove has not made that showing here.

In another order issued today, we denied VirtaMove's petition challenging the transfer of its case against Google LLC from WDTX to NDCA. *In re VirtaMove, Corp.*, No. 2025-130 (Fed. Cir. Sept. 11, 2025). VirtaMove here reiterates largely the same arguments it raised in No. 2025-130. For the same reasons we rejected its arguments in that case, we determine that VirtaMove has shown no right to mandamus relief here. VirtaMove has not shown otherwise by arguing that the court congestion factor should have been found to weigh against transfer. *See In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024) (noting docket congestion alone cannot be dispositive); *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Having concluded VirtaMove has no right to disturb the court's transfer ruling under § 1404(a), we need not reach the issue of whether transfer was also appropriate under § 1406(a).[1]

Accordingly,

---

[1]    VirtaMove notes that the parties filed a joint stipulation to dismiss Amazon.com, Inc. and Amazon.com Services LLC from the case. But we see no issue with the district court transferring the entire action to NDCA under § 1404(a), even if those parties will no longer participate.

IN RE VIRTAMOVE, CORP.                                          3

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT



Jarrett B. Perlow
Clerk of Court

<u>September 11, 2025</u>
Date